Steven L. Krongold. State Bar No. 125952
**KRONGOLD LAW CORP., P.C.**
8105 Irvine Center Drive, Suite 900
Irvine, California 92618
Phone: (949) 651-1900; Fax: (949) 861-9225

Attorney for Plaintiff CLM Properties, Inc.,
a New York corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| CLM PROPERTIES, INC., a New York corporation, | CASE NO.  SA CV 07-848 AHS (ANx) |
| Plaintiff, | **PLAINTIFF'S SECOND AMENDED COMPLAINT FOR:** |
| vs. | **1. BREACH OF FIDUCIARY DUTY;** |
| SIMMONSCOOPER LLC, an Illinois limited liability company, and JAMES SOKOLOVE, d/b/a LAW OFFICES OF JAMES SOKOLOVE, a Massachusetts sole proprietorship, | **2. PROFESSIONAL NEGLIGENCE (LEGAL MALPRACTICE);  AND** |
| Defendants. | **3. BREACH OF CONTRACT** |
| | **[DEMAND FOR JURY TRIAL]** |

Krongold Law Corp., P.C

-1-
SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff CLM Properties, Inc. (Plaintiff) and alleges the following:

### JURISDICTION AND VENUE

1.     This Court has personal jurisdiction over defendants pursuant to general jurisdiction principles based in part on defendants' substantial and continuous contacts with California.  Alternatively, the Court has specific jurisdiction over defendants on grounds they have purposefully availed themselves of the privilege of conducting activities in California, the claims arise out of and relate to defendants' forum- related activities, and the exercise of jurisdiction is reasonable.

2.     Venue is proper in this judicial district on grounds a substantial part of the events or omissions giving rise to the claims occurred in this judicial district as alleged more fully herein.

### PARTIES

3.     Plaintiff CLM Properties, Inc. (CLM) is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the state of New York, with its principal place of business located at 4 East 64th Street, New York, New York  10021.  Louis Mazzella, Sr. (Lou Mazzella) is, and at all times herein mentioned was, an individual residing in the states of California and Florida and the president and majority shareholder of CLM.

4.     Defendant SimmonsCooper LLC (Simmons) is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the state of Illinois, with its principal place of business located at 707 Berkshire Blvd., East Alton, Illinois  62024.

Krongold Law Corp., P.C.

-2-
SECOND AMENDED COMPLAINT

5.      Plaintiff is informed and believes, and based thereon alleges, that Defendant James Sokolove (Sokolove) is, and at all times herein mentioned was, a resident of the Commonwealth of Massachusetts and doing business as The Law Offices of James Sokolove, a sole proprietorship, with its principal place of business located at 1340 Centre Street, Suite 102, Newton, MA 02459.

## COMMON ALLEGATIONS

6.      From the period 1999 through 2001, Plaintiff purchased and sold securities through broker-dealer Merrill Lynch, Pierce, Fenner & Smith Inc., located at 717 5th Avenue, New York, New York (Merrill Lynch), a member of the New York Stock Exchange (NYSE) and the National Association of Securities Dealers (NASD) both of which are considered Self Regulatory Organizations (SRO).

7.      On May 21, 2002, New York State Attorney General Eliot Spitzer announced that Merrill Lynch agreed to pay $100 million to settle charges of violating state laws governing conflicts of interest and securities fraud.  The settlement required Merrill Lynch to sever the compensation link between research and investment banking divisions that tainted investment advice.  Spitzer made clear, however, that no fund would be created to compensate investors who claimed they lost money due to Merrill Lynch's misconduct, leaving that avenue of redress to class action lawsuits and private arbitration cases.

8.      On April 28, 2003, the United States Securities and Exchange Commission (SEC), the NYSE and the NASD jointly announced that following a coordinated investigation Henry Blodget, a former Merrill Lynch managing director and senior research analyst, would be censured and permanently barred from the securities industry, and would make payment of $4 million to settle administrative charges against him.  The regulators charged that, among other things, Blodget aided and abetted violations of the antifraud provisions of federal securities laws and violated SRO rules by issuing fraudulent research reports and publicly touting

Krongold Law Corp., P.C.                                    -3-
SECOND AMENDED COMPLAINT

stocks while privately expressing negative views of the same stocks.  See, *SEC v. Henry M. Blodget*, 03 CV 2947 (WHP) (S.D.N.Y.)

9.    On October 31, 2003, the SEC announced that Merrill Lynch, along with other national securities dealers, had entered into a global settlement of administrative charges relating to research analyst conflicts of interest whereby the firms agreed to pay a total of $894 million in penalties and disgorgement, which included $100 million previously paid by Merrill Lynch to settle state charges plus an additional $118 million.  *SEC v. Merrill Lynch, Pierce, Fenner & Smith Incorporated,* 03 CV 2941 (WHP) (S.D.N.Y.)

10.    Beginning in July 2001 and continuing through 2003, a number of putative class action complaints were filed against Merrill Lynch and Henry Blodget, among others, arising from the biased research reports.  These cases were transferred to the Honorable Milton Pollack, Senior United States District Judge, and were coordinated under the caption *In re Merrill Lynch Research Reports Securities Litigation*, 02 MDL 1484 (M/L Research Report Securities Litigation).

11.    On October 13, 2004, United States District Court Judge Shira A. Scheindlin granted class certification for various securities fraud actions filed in connection with certain initial public offerings some of which were underwritten by Merrill Lynch.  See, In re: *Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (SAS) (S.D.N.Y.) (IPO Securities Litigation).

12.    In October 2004, while in Newport Beach, California, Plaintiff Lou Mazzella saw television advertisements of Sokolove broadcasted in the state of California which solicited victims of securities fraud by, among other things, stating "if you bought certain stocks from Merrill Lynch, and lost a substantial amount of money in the stock market, you may be entitled to get your money back" and "recently, large brokerage firms were fined $1.4 billion dollars to settle charges of biased research by their analysts…If you suffered significant financial loss in the

Krongold Law Corp., P.C.                                    -4-
SECOND AMENDED COMPLAINT

stock market, it could have been the result of the fraudulent actions of your brokerage firm, and you may be able to get your money back."

13.   In response to seeing the advertisement, Lou Mazzella asked his son, Louis Mazzella, Jr., to call Sokolove.

14.   On or about October 7, 2004, at 10:49 a.m. EST, Louis Mazzella, Jr. contacted Sokolove.  Lou Mazzella, Jr. was referred to the Simmons Firm, which was described as an affiliate or partner of Sokolove, and "highly experienced" in handling disputes with securities brokers like Merrill Lynch.

15.   Based on all the information he had received, Lou Mazzella on behalf of Plaintiff entered into a Contract of Representation with defendants Simmons and Sokolove to evaluate and prosecute claims of broker misconduct against Merrill Lynch (2004 Contract).  The scope of potential claims was not limited to analyst conflicts of interest but included the entire panoply of broker negligence and/or fraud claims, including churning or excessive trading, unsuitability, misrepresentations or omissions of material facts, failure to supervise, unauthorized trading, and breach of contract.

16.   Beginning in October 2004, and continuing thereafter, Plaintiff provided defendants with requested documentation, including monthly statements from Merrill Lynch for the periods 1998 through 2002.

17.   On January 4, 2006, after a delay of 14 months, defendant Simmons on behalf of itself and Sokolove sent Lou Mazzella a letter refusing to prosecute any action against Merrill Lynch.  During the 14-month time period, defendants took no action to protect the interests of Plaintiff, including but not limited to:

(1)   initiating an arbitration claim against Merrill Lynch;

(2)   opting out of M/L Research Report Securities Litigation;

(3)   submitting proofs of claim against Merrill Lynch;

(4)   filing a state or federal lawsuit against Merrill Lynch;

(5)    negotiating a tolling agreement with Merrill Lynch; or

(6)    negotiating a settlement with Merrill Lynch.

18.    On January 26, 2006, after repeated requests for an explanation for its decision, Simmons sent Lou Mazzella a letter stating that it did not feel the firm could bring a "viable suitability claim" against Merrill Lynch.  The letter failed to mention whether the firm investigated any other claims.

19.    At the time Lou Mazzella received the January 4 letter, he was scheduled to undergo eye surgery, followed closely thereafter by surgery on both knees.  The sudden termination of representation by defendants left Plaintiff in a precarious situation.

20.    As a direct and proximate result of the 14-month delay, Plaintiff was unable to submit proofs of claim in connection with proposed class action settlements against Merrill Lynch or to opt out of proposed class actions settlements.

21.    As a direct and proximate result of the 14-month delay, Plaintiff was barred from recovering damages through private arbitrations or lawsuits in state or federal courts due to the expiration of the applicable statutes of limitations.

22.    As a direct and proximate result of the 14-month delay, Plaintiff was unable to negotiate a private settlement or mediation of their disputes with Merrill Lynch.

Krongold Law Corp., P.C.                              -6-
SECOND AMENDED COMPLAINT

## FIRST CLAIM FOR RELIEF

(Breach of Fiduciary Duty; Against All Defendants)

23.     Plaintiff realleges and incorporates by this reference Paragraphs 1 through 22, inclusive, of this Complaint as if fully set forth herein.

24.     From on or about October 2004 through January 4, 2006, Plaintiff and Defendants entered into an attorney-client relationship under which defendants owed Plaintiff a duty to act with the utmost good faith and due care with respect to its evaluation of potential claims against Merrill Lynch.

25.     On January 4, 2006, defendants, and each of them, breached the fiduciary duties owed to Plaintiff as alleged herein.

26.     As a direct and proximate result of said breach, Plaintiff has suffered damages in a sum of not less than $1 million dollars, the exact amount of which will be determined according to proof at trial.

27.     The foregoing conduct by Defendants, and each of them, was willful, fraudulent, malicious and oppressive.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendants according to proof.

## SECOND CLAIM FOR RELIEF

(Professional Negligence (Legal Malpractice); Against All Defendants)

28.     Plaintiff realleges and incorporates by this reference Paragraphs 1 through 22, inclusive, of this Complaint as if fully set forth herein.

29.     From on or about October 2004 through January 4, 2006, Plaintiff and Defendants entered into an attorney-client relationship under which defendants undertook to perform legal services for Plaintiff with respect to its evaluation of potential claims against Merrill Lynch.

30.     From on or about October 2004 through January 4, 2006, defendants, and each of them, failed to use reasonable care and skill in handling the legal services performed on behalf of Plaintiff as alleged herein.

Krongold Law Corp., P.C.                                   -7-
SECOND AMENDED COMPLAINT

31.    As a direct and proximate result of said breach, Plaintiff has suffered damages in a sum of not less than $1 million dollars, the exact amount of which will be determined according to proof at trial.

32.    Upon information and belief, Plaintiff alleges that had defendants used proper care and skill, Plaintiff would not have suffered the damages alleged herein.

### **THIRD CLAIM FOR RELIEF**

(Breach of Contract; Against All Defendants)

33.    Plaintiff realleges and incorporates by this reference Paragraphs 1 through 22, of this Complaint as if fully set forth herein

34.    The 2004 Contract obligated defendants to evaluate potential claims against Merrill Lynch, including but not limited to, damages caused by analyst conflicts of interest, churning or excessive trading, unsuitability, misrepresentations or omissions of material facts, failure to supervise, unauthorized trading, failure to follow SRO regulations, and breach of contract.

35.    Plaintiff duly performed all covenants, conditions and obligations on its part under the 2004 Contract.

36.    On January 4, 2006, defendants and each of them breached the 2004 Contract as alleged herein.

37.    As a direct and proximate result of the breaches alleged herein, Plaintiff suffered, and will continue to suffer, damages in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

1.    On the First Claim for Relief, for compensatory and punitive damages according to proof at trial;

2.    On the Second Claim for Relief, for compensatory damages according to proof at trial;

3.    On the Third Claim for Relief, for direct and consequential damages according to proof at trial;

4.    For costs of suit, including reasonable attorney's fees; and

5.    For such other and further relief as the Court may deem just and proper.

DATED: March 18, 2008            KRONGOLD LAW CORP., P.C.


By: _____
Steven L. Krongold
Attorney for Plaintiff
CLM Properties, Inc.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury of all claims subject to trial by jury.


DATED:  March 18, 2008              By:  _____

                                          Steven L. Krongold
                                          Attorney for Plaintiff
                                          CLM Properties, Inc.,